**Attachment not available electronically.**

———————————————

| | |
|---|---|
| THE HOME INDEMNITY COMPANY, a New Hampshire Corporation, | ) |
| | ) |
| | ) |
| Plaintiff-Counter-Defendant-Appellee, | ) |
| | ) |
| v. | ) No. 95-3343 |
| | ) (D.C. No. 94-2340-JWL) |
| HYPLAINS BEEF, L.C., a Kansas Limited Liability Company, | ) (D. Kansas) |
| | ) |
| | ) |
| Defendant-Counter-Claimant-Appellant. | ) |

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY, BRISCOE** and **LUCERO**, Circuit Judges.

———————————————

Plaintiff Home Indemnity Co. brought this action seeking a declaratory judgment holding it has no coverage obligation to its insured, defendant Hyplains Beef, L.C., for damages arising out of the malfunction of certain computer equipment belonging to Hyplains. The district court entered summary judgment in favor of Home Indemnity and denied Hyplains' motion to alter or amend the judgment. Fed. R. Civ. P. 59(e); D. Kan. Rule 206(f). Hyplains now challenges each of these rulings.

———————————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Having reviewed the district court's memorandum and order granting summary judgment, we conclude its analysis and conclusion are correct and that Hyplains' challenge to that decision lacks merit. We therefore adopt the district court's memorandum and order, *Home Indem. Co. v. Hyplains Beef, L.C.*, 893 F. Supp. 987 (D Kan. 1995), as the opinion of this court. *See Wyoming Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930 (10th Cir. 1996) (adopting district court's decision as the opinion of the court of appeals and ordering the district court's decision to be published); *Herrera v. International Union*, 73 F.3d 1056, 1057 (10th Cir. 1996) (adopting district court's opinion as the opinion of the court of appeals).

Hyplains also challenges the district court's order denying its motion to alter or amend the judgment, *Home Indem. Co. v. Hyplains Beef. L.C.*, 1995 WL 584498 (D. Kan. Sept. 22, 1995), a copy of which is attached to this order and judgment. At the outset, we note that although Hyplains referred to this decision in its notice of appeal, docketing statement, and motion to supplement the record on appeal, it did not address the decision directly in either its opening or reply brief. Although Hyplains' failure to address the issue directly in its briefs could be construed as a waiver, we have nevertheless reviewed the district court's decision and we find no abuse of discretion. *See Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (denial of Rule 59(e) motion reviewed for an abuse of discretion).

In its reply to Home Indemnity's opposition to the motion to supplement, Hyplains concedes it did not introduce the excerpts from Mr. Grosenheider's deposition in district court. This court will not consider evidence not introduced in the trial court. Hyplains also concedes in its reply to Home

2

Indemnity's opposition that it introduced the excerpts from Mr. Packard's deposition for the first time as an exhibit to its motion to alter or amend the judgment, and that it did not introduce these excerpts as part of its opposition to Home Indemnity's motion for summary judgment. We will not reverse the district court's grant of summary judgment on the basis of evidence which was not before that court at the time it entered its order.

For the reasons stated, the judgment of the district court is **AFFIRMED**. In addition, Hyplains' motion to supplement the record on appeal by adding excerpts from the deposition testimony of Dwight Packard and David Grosenheider is **DENIED**.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge

95-3343, Home Indemnity Co. v. Hyplains Beef

**LUCERO**, Circuit Judge, Concurring in result:

Although I would arrive at the same result as my colleagues, my analysis differs. As I see this case, the issue is not whether a "complete cessation of Hyplains' business was required to trigger coverage." Rather, as a threshold proposition, I would inquire whether the policy provided coverage for startup operations.

On review of this all-risk policy as a whole, I conclude that while there was computer coverage, the policy expressly excluded coverage for the loss at issue here unless it was caused by a "specified cause of loss." See Appendix, Vol. I at 52-55 (excluding damage or loss from "hidden or latent defect or any quality in property that causes it to damage or destroy itself, . . . [or] mechanical breakdown"). Specified causes of loss are: "Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage."

Appellant does not advance evidence showing that it suffered such a casualty. For that reason I would affirm the grant of summary judgment. I would not reach the issue of whether a cessation of operations occurred. I disagree with the sweeping nature of the district court's requirement in this regard. American Medical Imaging Corp. v. St. Paul Fire and Marine Insurance Co., 949 F.2d 690 (3d Cir. 1991), better states the law.